UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:16-CR-0225-B-5 |
| | § | |
| RENE RODRIGUEZ, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Rene Rodriguez's Motion for Compassionate Release (Doc. 288). For the reasons set forth below, the Court **DENIES** the motion.

I.

BACKGROUND

In 2017, Rodriguez pleaded guilty to possession with intent to distribute a controlled substance and was sentenced to 108 months of imprisonment and three years of supervised release. Doc. 231, J. Rodriguez, who is now thirty-five years old, is serving his sentence at the El Reno Federal Correctional Institution ("El Reno FCI"). His scheduled release date is February 1, 2024.[1] As of November 9, 2021, El Reno FCI reports zero active and 471 recovered cases of COVID-19 among its inmates.[2] On October 1, 2021, Rodriguez filed the pending motion for compassionate release

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed November 9, 2021).

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed November 9, 2021).

- 1 -

under 18 U.S.C. § 3582(c)(1)(A)(i). Doc. 288, Def.'s Mot. The Court reviews Rodriguez's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.   *Rodriguez Has Exhausted His Administrative Remedies*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

To prove that he has exhausted his administrative remedies, Rodriguez has provided documents showing he: (1) submitted an informal request for compassionate release to the warden of his facility on July 16, 2020, to which he received no response; (2) filed an informal resolution form regarding his compassionate release request, which was denied in August 2020; (3) submitted a formal request that the warden reconsider the denial of his compassionate release request, which

was denied; (4) appealed the warden's refusal to reconsider his request to the Regional Director of the BOP, which denied his appeal; and (5) appealed the Regional Director's decision to the BOP's Office of General Counsel, which denied his appeal. Doc. 288, Def.'s Mot., 3 & Ex. A., 1–8. The Court finds Rodriguez's evidence sufficient to establish that he has exhausted his administrative remedies, and turns to the merits of his motion.

B.   *Rodriguez Has Not Demonstrated Extraordinary and Compelling Reasons for Release*

Although Rodriguez has exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" warranting a reduction in his sentence. *See* § 3582(c)(1)(A). Section 3582(c)(1)(A)(I) does not define the "extraordinary and compelling reasons" that merit compassionate release. *See id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it "to promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citation omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "describes four 'extraordinary and compelling reasons' that could warrant a reduced sentence: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *United States v. Tyler*, 2021 WL 736467, at *1 (E.D. La. Feb. 25, 2021) (alterations in original) (quoting U.S.S.G. § 1B1.13 cmt. n. 1(A)–(D)). The Fifth Circuit has since held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at

392–93 (citing § 1B1.13). While not binding, § 1B1.13 and its commentary nonetheless "inform[] [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam).

As a preliminary matter, to the extent Rodriguez raises general concerns about the ongoing COVID-19 pandemic, *see* Doc. 288, Def.'s Mot., 1, 4, those concerns do not give rise to extraordinary and compelling circumstances. The Court does not discount the pandemic's effects on the nation or the virus's spread within federal prisons; however, generalized concerns about the spread of COVID-19 are not considered extraordinary and compelling reasons warranting release. *See, e.g.*, *United States v. Thomas*, 2020 WL 6737872, at *3 (N.D. Tex. Nov. 16, 2020). Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements." *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

Rodriguez requests compassionate release based on the health conditions of his mother-in-law—the sole caregiver of his two minor children.[3] *See* Doc. 288, Def.'s Mot., 1. Rodriguez states that his mother-in-law is forced "to work at an advanced age . . . [,] exposing her to significant risk of contracting . . . COVID . . . [which has] been known to kill people . . . , thereby potentially leaving [his] children without a caregiver."[4] *Id.* These circumstances, Rodriguez claims, warrant his release. *Id.* The Court disagrees.

As discussed, the Court exercises its discretion to determine whether a prisoner's motion demonstrates extraordinary and compelling reasons for release but is "guided in [its] analysis by the

---

[3] In his original request for compassionate release addressed to the warden of his facility, dated July 16, 2020, Rodriguez refers to his two sons as being six and nine years old. Doc. 288, Def.'s Mot., Ex. A, 1.

[4] Rodriguez does not provide his mother-in-law's age. *See* Doc. 288, Def.'s Mot.

commentary" to § 1B1.13. *Rivas*, 833 F. App'x at 558 (citations omitted). The commentary explains that family circumstances may warrant compassionate release where "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" has occurred. *See* U.S.S.G. § 1B1.13 cmt. n. 1(C)(i).

When a defendant seeks compassionate release due to the incapacitation of their minor child's caregiver, courts have looked to BOP Program Statement 5050.50 for guidance. *See, e.g.*, *United States v. Ontanon-Espinoza*, 2021 WL 5040251, at *3 (N.D. Tex. Oct. 28, 2021). Under the Program Statement, incapacitation of a minor child's caregiver may occur where the "caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child." *Id.* (quoting BOP Program Statement 5050.50, 7). Further, a defendant is generally required to submit: (1) "verifiable medical documentation of incapacitation"; (2) "[l]etters or documentation that the . . . incapacitated family member was and still is the only family member caregiver capable of caring for the inmate's minor child"; and (3) proof that the incapacitated "family member was, in fact, caring for the child during the inmate's incarceration and immediately prior to the family member's . . . incapacitation." BOP Program Statement 5050.50, 7–8; *see, e.g.*, *United States v. Collins*, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020).

Although the BOP Program Statement is not binding, the Court finds it relevant here and concludes that Rodriguez is not entitled to compassionate release. To start, Rodriguez does not allege that his mother-in-law is *currently* incapacitated or otherwise unable to care for his children. Doc. 288, Def.'s Mot., 1. Instead, Rodriguez appears to argue only that his mother-in-law's "advanced age" puts her at a higher risk of incapacitation should she contract COVID-19. *Id.* But

Rodriguez's fear that his mother-in-law could hypothetically contract a severe case of COVID-19 and leave his children without a caregiver does not render her incapacitated for the purposes of his compassionate release request. *See United States v. Minafee*, 2021 WL 1865208, at *3 (N.D. Tex. May 10, 2021) (denying compassionate release where the defendant's "extraordinary and compelling family circumstances [were] entirely hypothetical").

Finally, Rodriguez asks the Court to consider his alleged rehabilitation. *See* Doc. 288, Def.'s Mot., 6. Rodriguez has completed classes on "parenting . . . , financial planning, and entrepreneurship" that he claims "have prepared [him] for release and re-inte[]gration into society." *Id.* While commendable, the Court notes that Congress has expressly provided that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

In sum, there is nothing before the Court indicating that Rodriguez's personal circumstances rise to the level of extraordinary and compelling. Thus, applying its discretion, the Court **DENIES** Rodriguez's motion **WITHOUT PREJUDICE**.[5]

C.     *The Court Lacks Authority to Order Home Confinement*

Insofar as Rodriguez requests to be granted "early release to home confinement, as a compassionate release," Doc. 288, Def.'s Mot., 6, the Court lacks authority to order home confinement. Even if the Court were inclined to grant this request, requests for home confinement "are properly directed to the [BOP]." *See United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c)). Indeed, "neither the CARES ACT nor the First Step Act authorizes

---

[5] As discussed *supra* Part II, before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors of 18 U.S.C. § 3553. § 3582(c)(1)(A). Because Rodriguez has failed to demonstrate extraordinary and compelling reasons for a sentence reduction, the Court need not conduct a § 3553 analysis today.

the court to release an inmate to home confinement." *United States v. Miller*, 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) (citations omitted). Accordingly, the Court cannot consider transferring Rodriguez to home confinement.

## IV.

## CONCLUSION

Rodriguez's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. For this reason, the Court **DENIES** Rodriguez's motion (Doc. 288) **WITHOUT PREJUDICE**.

By denying Rodriguez's motion without prejudice, the Court permits Rodriguez to file a subsequent motion for compassionate release only in the event he that can both: (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with respect to those circumstances.

**SO ORDERED**.

**SIGNED: November 12, 2021.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE